

FILED

JUN 17 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:  )
        )
ROSIE PHAO,  )  Case No. 07-24285-B-7
        )
        )
        Debtor.  )
_____)

**MEMORANDUM DECISION**

The debtor commenced the above captioned bankruptcy case on June 6, 2007. Upon the commencement of the case, Hank Spacone was appointed interim trustee for the debtor's bankruptcy estate. Pursuant to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines issued on June 8, 2007, the first meeting of creditors convened under 11 U.S.C. § 341 was scheduled for July 17, 2007. The debtor appeared at the first meeting of creditors, and it was continued to July 31, 2007. The debtor failed to appear at the continued meeting on July 31, 2007, and it was continued to August 14, 2007. The debtor did not appear at the second continued meeting on August 14, 2007, and it was continued to August 28, 2007. When the debtor failed to appear at the third continued meeting on August 28, 2007, the trustee issued a report requesting that the court issue a Notice of Intent to Dismiss, and continued the meeting to October 9, 2007. The court issued an Order to Show Cause Re Dismissal of Case or Imposition of Sanctions for the debtor's failure to appear at the August 28, 2007 meeting, ordering the debtor or her attorney to appear before the court on October 2, 2007 at 9:30 a.m. (Dkt. 13), which

order was served on the debtor via first class mail on September 7, 2007 (Dkt. 14 at 2). At the October 2, 2007 hearing the debtor failed to appear and show cause why she had not attended the August 28, 2008 meeting. The debtor's attorney also did not appear. As a result, the case was dismissed by order entered October 9, 2007 (the "Dismissal Order") for unreasonable delay that was prejudicial to creditors. (Dkt. 15). The case was closed on October 24, 2007. (Dkt. 19).

On May 23, 2008, the debtor filed an ex parte motion to reopen her case and "proceed with filing chapter 7" (the "Ex Parte Motion). (Dkt. 20). The court construed the Ex Parte Motion as containing two requests for relief: a request to reopen the closed bankruptcy case and a request to vacate the Dismissal Order. The court construed the motion as containing both requests because reopening a closed bankruptcy case and vacating, or undoing, an order dismissing a bankruptcy case are two separate acts. Dismissal of a case and closure of a bankruptcy case rarely, if ever, occur at the same time. After a case has been dismissed, there are often administrative actions that must be taken to properly end the case. See In re Menk, 241 B.R. 896 (9th Cir. BAP 1999). Thus, for the debtor to "proceed" in her bankruptcy case as though it had not been dismissed required two actions: (1) reopening the case, and (2) vacating the Dismissal Order. In its order entered June 2, 2008 (Dkt. 24), the court denied both requests. The court denied the request to reopen the case because the debtor had not paid the required fee for reopening the case. The court denied the request to vacate the Dismissal Order for two reasons. First, pursuant to Local Bankruptcy Rule 5010-1(a), the debtor's request to proceed - or vacate the dismissal - could not be

combined with her request to reopen.  Second, a request to proceed with the case by vacating the dismissal requires the filing of a motion that had been served on all creditors, the chapter 7 trustee, and the United States trustee, as a request to vacate a dismissal is a contested matter in which the debtor seeks relief against her creditors.  Fed R. Bankr. P. 9014.  The motion must set forth adequate grounds upon which the court should reconsider and vacate the order dismissing the case and must be set for hearing on one of the court's regular law and motion calendars.  The debtor here had not filed a separate motion that had been served on the other parties listed above.

On June 6, 2008, the debtor filed a document stating that she had read the court's June 2, 2008 order denying the Ex Parte Motion. (Dkt. 25).  She further stated that the order contained a mistake, as the order had stated that the debtor wished to proceed in a chapter 11 case where the Ex Parte Motion stated that she wished to proceed in a chapter 7 case.  The court has reviewed the docket and concludes that the June 2, 2008 order does contain a typographical error.  However, this error was not material to the outcome of the court's decision on the Ex Parte Motion.  The court denied the debtor's request to vacate the Dismissal Order and proceed with her chapter 7 case because she had not given proper notice to other parties, because she had not set the matter for a hearing, and because she had improperly included the request to vacate and proceed with a request to reopen the case, not because she wanted to proceed under any particular chapter of the Bankruptcy Code.

Also on June 6, 2008 the debtor filed an Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing

Fee in Full or in Installments (Dkt. 26) (the "Fee Waiver Application"), presumably seeking a waiver of the filing fee required to reopen the bankruptcy case. The court signed an order on June 16, 2008 denying the Fee Waiver Application and establishing a schedule for payment of the filing fee in installments. Based on the debtor's request for waiver of the reopening fee and installment payment schedule established by the court, the court now vacates its prior order denying the debtor's request to reopen her case. The case shall be reopened, subject to full payment of the reopening fee according to the installment schedule. Reopening of a dismissed case is appropriate in this instance to enable the case to be managed by the court clerk as an active proceeding, to monitor the debtor's payment of the reopening fee, and to docket any further motions for relief that the debtor may file. Menk, 241 B.R. at 913 ("We have repeatedly held that the reopening of a closed bankruptcy case is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter.")

However, reopening the case will not put the debtor back in the same position that she was in before the case was dismissed in October, 2007. Menk, 241 B.R. at 913 ("[Reopening the bankruptcy case], by itself, lacks independent legal significance and determines nothing with respect to the merits of the case.") If the debtor wishes to proceed with an administration of her bankruptcy estate and move forward to obtain a discharge, she must obtain an order vacating the Dismissal Order. As explained above, to obtain such an order, the debtor must file a motion that makes a legally sufficient showing for reconsidering and vacating the Dismissal Order and that has been served on all proper parties and set for hearing.

1  The court will issue an order vacating the denial of the
2  request to reopen and reopening the case order consistent with
3  the foregoing decision.

Dated: JUN 17 2008

*Thomas C. Holman*
Thomas C. Holman
United States Bankruptcy Judge

Case 07-24285    Filed 06/17/08    Doc 29

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Rosie Phao
2214 Arden Way
Sacramento, CA 95825

DATED: 6/18/08         By: *Nanette Ness*
                            Deputy Clerk

EDC 3-070 (New 4/21/00)